**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JAMES WOOTEN,

                         Plaintiff,                      **MEMORANDUM**
                                                         **AND ORDER**

       - against -                            07-CV-2403 (RRM) (JO)

DUANE READE INC., et al.,

                        Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      In three separately-filed motions, plaintiff James Wooten ("Wooten") seeks several forms of relief. On October 31, 2008, Wooten filed a motion for a protective order that would bar the defendants from making any use of certain mental health records they had previously obtained in discovery. Docket Entry ("DE") 35. On November 24, 2008, Wooten asked the court to compel the Office of Professional Discipline of the New York State Department of Education ("OPD") to disclose certain investigative records pertaining to defendant Javed Azmat ("Azmat"). DE 37. On December 12, 2008, Wooten – who had previously engaged counsel, later consented to his attorney's withdrawal, and then been unable to find another attorney who would consent to take the case – asked the court to appoint new counsel. DE 39. The Honorable Roslynn R. Mauskopf, United States District Judge, has referred each of the motions to me for decision. Orders dated November 4 & December 30, 2008. For the reasons set forth below, I now deny the motion for a protective order in part but defer to the trial court any ruling about the extent to which the defendants, in litigating a motion for summary judgment or in trying the case, may make use of documents that qualify as psychotherapy notes under the applicable regulation. In addition, I deny the motion to compel and the motion to appoint counsel.

A.    The Motion For A Protective Order

Wooten asks the court to prohibit the defendants from making "continued use in litigation" of certain medical records that he claims they obtained unlawfully.  DE 35 at 1.  The defendants obtained the records at issue by means of a subpoena, and based on an authorization form Wooten signed.  *See* DE 30 Ex. A (authorization form).  Wooten's signature, which he acknowledges as his own, authorized the disclosure of most medical records, but the disclosure of records specifically relating to alcohol- and drug-treatment or mental health information required additional authorization in the form of Wooten's initials on specific portions of the form; the form bears such initials but Wooten claims they were forged by someone else.  DE 40 at 4.

The forgery claim is inapposite.  The record clearly establishes only two possibilities as to how Wooten's initials came to be on the form:  either Wooten wrote them himself (contrary to his current representation to the court), or his former counsel did so during the course of representation.  If Wooten initialed the form, he is entitled to no relief on the basis of his claim of forgery; if his counsel did so, it was as Wooten's agent.  That would not excuse counsel's conduct, but it would suggest that any relief to which Wooten might be entitled would be available exclusively from his former counsel.  Moreover, whoever actually initialed the form, Wooten and his counsel were both present at Wooten's deposition, when the records at issue were used for purposes of questioning Wooten.  The defendants' counsel asked for a stipulation that such use was "pursuant to the authorization ... to discuss these medical records."  DE 44 Ex. F at 366 (Wooten deposition transcript excerpt).  Wooten's counsel "[s]o stipulated" without objection from Wooten himself, who was at his side.  *Id*.

While I would therefore not grant any relief on the ground that the authorization form was invalid due to forgery, a separate issue arises to the extent that the records at issue contain psychotherapy notes (as that term is defined in 45 C.F.R. § 164.501). The defendants correctly argue that applicable law provides for the disclosure of such notes upon the patient's authorization, DE 43 at 12 (citing 45 C.F.R. § 164.508), but they ignore the fact that the very law they cite also requires that any such authorization must be separate from a general authorization for medical records. *See* 45 U.S.C. § 164.508(b)(3)(ii) ("An authorization for a use or disclosure of psychotherapy notes may only be combined with another authorization for a use or disclosure of psychotherapy notes[.]"); *Hodge v. City of Long Beach*, 2006 WL 1211725, *2 (E.D.N.Y. May 4, 2006). Because the authorization form on which the defendants rely permitted the disclosure of medical records, it could not properly be used to secure any psychotherapy notes – and the form itself explicitly says so. *See* DE 30 Ex. A (noting that authorization for release of records may include information relating to alcohol and drug abuse and mental health treatment "except psychotherapy notes"). As a result, such notes should not have been provided to the defendants pursuant to the authorization that Wooten (and possibly his attorney) executed.

Simply because the authorization was insufficient, however, does not mean that Wooten is entitled to relief. To some extent, the matter is moot: the defendants are already precluded from making any non-litigation use of the documents at issue pursuant to a stipulated confidentiality order. *See* DE 43 at 7-8; DE 36 at 1 n.1; DE 20. In addition, because discovery remains closed, there is no longer any opportunity for the defendants to use the documents during discovery. The only way the records at issue might be used in the future is at trial, either in the form of exhibits or as the basis for formulating questions of witnesses, or in conjunction with the

litigation of a motion for summary judgment.  As explained below, I am not now in a position to determine precisely which of the documents at issue may properly be put to any such use.

Had the issue been brought to a head during the discovery period – that is, if Wooten had timely objected to the use of the psychotherapy notes as having been improperly obtained – I would have had to decide whether Wooten was required to provide an effective authorization for the disclosure of such information in order to proceed with claims in which his psychological condition is at issue.  If Wooten had refused to authorize the release of psychotherapy notes that the defendants sought, I would have had to balance Wooten's privacy interest against the defendants' legitimate interest in having a fair chance to meet Wooten's proof as to both liability and damages.  Such notes, whether generated before the events at issue in this litigation or after, would at least potentially be relevant to Wooten's claim that he suffered psychological harm as a result of the defendants' actions.  If the defendants could demonstrate that their legitimate need for the documents for defensive purposes outweighed Wooten's interest in maintaining their secrecy, I would have had to require Wooten to choose between allowing the disclosure and abandoning any claim for which such disclosure was fairly required.

In making any such determination, I would necessarily have been acting with insufficient information about what other evidence might be available to the parties, the precise allegations of harm that Wooten would assert at trial, and the contents of the documents at issue themselves.  No such guesswork is necessary now:  for good or ill, both sides now know exactly what is in the documents at issue (some of which appear to qualify as psychotherapy notes, and some of which plainly do not), and both sides are in a position to determine the precise contours of the claims to

be litigated in motion practice and at trial and to marshal the arguments in support of or against the use of any specific document that was not obtained by means of a valid authorization.

Accordingly, to the extent that the defendants may wish to use any document that can properly be described as psychotherapy notes, either in support of a motion for summary judgment or at trial, they should first seek leave of the trial court and explain the specific need for such use in order to have an opportunity to mount a fair defense to Wooten's claims. Such arguments may never become ripe if the defendants choose not to use the documents at issue, and can in any event best be assessed in the specific context in which they may eventually arise. It would therefore be premature to venture further in addressing the portion of Wooten's motion for a protective order that concerns any document that qualifies as psychotherapy notes.[1] With respect to all other documents that the defendants obtained by means of a properly executed authorization form – including those obtained by virtue of the initials authorizing "Alcohol/Drug Treatment" records and "Mental Health Information," regardless of whether it was Wooten or his attorney who affixed those initials to the form – I deny Wooten's motion for a protective order.

B.    The Motion To Compel

Wooten seeks to compel OPD to produce "investigative records pertaining to the prosecution of Javed Azmat ... for professional misconduct imposed on Plaintiff on June 15, 2006." DE 37 at 1. The date refers to one of the incidents at issue in this case, in which Wooten claims that Azmat, a pharmacist employed by defendant Duane Reade, Inc., improperly failed to

---

[1] I reject the proposition that the defendants should be entitled to use any psychotherapy notes simply because they listed such documents in the proposed pretrial order without objection from Wooten's counsel. The defendants would not have had such records in the first place but for the improper attempt to secure authorization of the release of psychotherapy notes in the same release form as that used to obtain medical records.

fill a prescription. *See* DE 1 (Complaint) ¶¶ 11-12. Wooten complained to OPD about Azmat's conduct several days later. *Id*. ¶ 14. On January 17, 2007, an investigator informed Wooten that OPD had completed its investigation and referred the case to OPD's Prosecution Division; the investigator assured Wooten that "[t]he assigned prosecutor will contact you as necessary and you will be informed of the outcome of the case." DE 37 Ex. A. On June 4, 2007, Wooten filed a request pursuant to New York's Freedom of Information law seeking access to OPD's investigative file. *Id*. Ex. B. OPD's Director of Investigations denied the request three days later, citing a statutory provision that exempts such investigative information from disclosure absent a court order. *Id*. Wooten filed the instant case one week later. DE 1.

Throughout the entire discovery period, in which Wooten was represented by counsel, he did not seek a court order to compel OPD to release its investigative file. Discovery was scheduled to close on June 30, 2008, and I certified that discovery was in fact complete at the final pretrial conference before me on August 5, 2008. *See* DE 19 (scheduling order); DE 25 (minute entry). Moreover, Wooten has apparently never served a subpoena on OPD or given that agency an opportunity to be heard with respect to the release of its investigative records. Under the circumstances, I see no good cause to reopen discovery and compel OPD to disclose its investigative file. I therefore deny Wooten's motion. In doing so, I emphasize that Wooten remains free to serve a trial subpoena *duces tecum* on OPD pursuant to Federal Rule of Civil Procedure 45. If he does so, then OPD must either provide the documents at issue or move to quash the subpoena.

C.     The Motion To Appoint Counsel

Wooten initially engaged attorney Rudolph N. Silas ("Silas) to represent him in this

matter.  Silas handled the case through the completion of discovery.  On September 22, 2008,

Wooten asked to dismiss Silas due to dissatisfaction with the latter's performance; in doing so,

Wooten asked for extensive time to find new counsel, and explicitly represented that if he could

not find another attorney whose fee he could afford, he would prefer to proceed *pro se*.  DE 30 at

1.  The court granted Wooten's request and gave Wooten ninety days to find new counsel, during

which time the defendants' motion for summary judgment would be held in abeyance.  DE 33

(minute entry).  Since then, Wooten has sought to engage new counsel.  *See* DE 39 Ex. A

(correspondence with attorneys).  None of the lawyers he approached, either in private practice or

in a legal services office, agreed to undertake the case.[2]  In light of Wooten's voluntary decision

to forego representation by Silas and risk going forward without an attorney, I see no good cause

to appoint counsel now.  I therefore deny his application.

D.     Conclusion

For the reasons set forth above, I deny plaintiff James Wooten's motion for a protective

order in part but defer to the trial court any ruling about the extent to which the defendants, in

litigating a motion for summary judgment or in trying the case, may make use of documents that

qualify as psychotherapy notes under the applicable regulation.  In addition, I deny the plaintiff's

---

[2]  I note that one of the law offices Wooten contacted, MFY Legal Services, Inc. ("MFY"), provided assistance to Wooten in preparing the motion for a protective order that he filed three days later.  *See* DE 39 Ex. A (letter dated October 28, 2008, from staff attorney Jennifer Yi Man Cheung).  I trust that counsel will be similarly willing to provide occasional assistance to Wooten as his case progresses.  Moreover, if MFY is willing to reconsider its decision and accept a court appointment, Wooten remains free to bring such information to the court's attention.

motion to compel and the motion to appoint counsel.  I direct the defendants' counsel to serve a copy of this Memorandum and Order on the plaintiff by certified mail and to file proof of service with the court no later than March 4, 2009.

      **SO ORDERED.**

Dated: Brooklyn, New York
      February 25, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge
